```
             IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION

UNITED STATES OF AMERICA      §
                              §
                              §
v.                            §        C.R. NO. H-03-363
                              §
                              §
JAMES A. BROWN                §
```

## MEMORANDUM & ORDER

Pending is Government's Motion to Revoke Bond and Set Reporting Date (Document No. 946). After having carefully considered the motion, response, reply, the applicable law, and counsel's oral arguments on the same, the Court concludes for the reasons that follow that the motion should be denied.

## Background

In November 2004, Defendant Brown was convicted by a jury of wire fraud, conspiracy to commit wire fraud, perjury, and obstruction of justice; and on May 5, 2005, this Court sentenced Brown to 46 months imprisonment on each of those interdependent counts, all such terms to run concurrent for a total term of 46 months. *See* Document No. 946 at 1. On August 12, 2005, Brown reported to federal prison and began serving his sentence. *See* Document No. 950 at 4.

On August 1, 2006, the Fifth Circuit reversed Brown's wire fraud and conspiracy convictions, and affirmed his "conviction and

sentences . . . on [the] charges of perjury and obstruction of justice." United States v. Brown, 459 F.3d 509, 531 (5th Cir. 2006). Two days later Brown filed a Motion for Release on Conditions *Instanter*, pointing out that Brown already had served 12 months in prison, a term Brown contended *exceeded* the minimum or likely term required for the affirmed convictions under the United States Sentencing Guidelines. *See* Brown's Motion for Release on Conditions *Instanter* at 2-4, filed Aug. 3, 2006, in No. 05-20319, Brown, 459 F.3d 509. Four days later, the Government filed its response agreeing that "Brown is entitled to be resentenced on his convictions on Counts 4 and 5" if the Fifth Circuit did not grant rehearing on the panel decision, and "therefore [the Government] does not object to Brown's release pending resolution of further proceedings . . . ." Response of the United States to Defendant Brown's Motion for Release on Conditions *Instanter*, filed Aug. 7, 2006, in No. 05-20319, Brown, 459 F.3d 509. The next day, the Fifth Circuit granted Brown's unopposed Motion for Release on Conditions *Instanter* and ordered Brown released from custody on bond pending further proceedings, but without defining or limiting "further proceedings" or specifying that they included Brown's resentencing and/or his retrial on Counts 1-3. *See* Order issued Aug. 8, 2006, in No. 05-20319, Brown, 459 F.3d 509. On October 19, 2006, after all motions for rehearing had been denied, the Court of Appeals, without vacating its order for Brown's release on bond,

issued its Judgment as mandate affirming Brown's convictions and sentences on charges of perjury and obstruction of justice. The Government now moves to revoke Brown's bond and remand Brown to the Bureau of Prisons to serve the balance of the original 46-months sentence.

## Discussion

Brown contends that he is not required to serve the total 46-months sentence imposed on him for all five of his convictions because it was a "bundled" sentence that punished him also for the wire fraud and conspiracy convictions subsequently overturned on appeal. Brown correctly asserts that his sentence was "bundled," as that term has been used by the appellate courts. Because there were multiple counts of conviction, the grouping rules contained in Chapter 3, Part D, of the 2001 United States Sentencing Guidelines were applied to ascertain the total offense level. The conspiracy and two wire fraud convictions were grouped together, and the perjury and obstruction convictions were separately grouped together, in accordance with USSG § 3D1.2(b) and (d), and § 3D1.2(a), respectively. Next, pursuant to § 3D1.2(c) both of these groups were then considered as one because the second group embodied conduct that could be treated as an adjustment to the guideline applicable to the first group. Then, pursuant to § 3D1.3, the offense level for the most serious of the counts

comprising the combined group, i.e., the count resulting in the highest offense level in the group, became the basis for calculating the total offense level. As reflected in paragraph 91 of the Revised Presentence Investigation Report dated March 9, 2005, to which paragraph no party objected, Count 2SSS (the first wire fraud conviction) resulted in the highest offense level and was used to calculate the guideline range. The guideline range was largely driven by the Court's finding of the loss amount on the wire fraud convictions. In sum, the trial court consulted the Guidelines, applied them, made a downward departure for reasons explained on the record, and determined that offense level 23, criminal history category I, should apply, which indicated a recommended custody range of from 46 to 57 months. The Court then imposed a term of imprisonment for 46 months as to counts 1, 2, 3, 4, and 5, "all such terms to run concurrent for a total term of imprisonment of 46 months." No separate calculation was ever made as to what the Guidelines range would have been had Brown been convicted only of perjury and obstruction of justice; his sentences on those convictions were interdependent with, grouped, bundled, and driven by the wire fraud conviction, which produced the highest offense level. Nonetheless, the Government now argues that Brown should be remanded to serve the full term of 46 months and, citing 18 U.S.C. § 3582(c), insists that the Court is without jurisdiction to resentence him on only the counts of conviction that were affirmed.

"Federal district courts are not courts of general jurisdiction; they only have the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." Bender v. Williamsport Area Sch. Dist., 106 S. Ct. 1326, 1331 (1986). Generally, 18 U.S.C. § 3582(c) authorizes a federal court to reconsider sentences (1) in response to a motion from the Bureau of Prisons; or (2) to the extent permitted by statute or Rule 35 of the Federal Rules of Criminal Procedure (e.g., in response to a motion for the government; to correct arithmetical, technical or other clear errors; or in response to amendments to the Sentencing Guidelines that lower the sentencing range for the offense of conviction). *See* 18 U.S.C. § 3582(c). District courts also have jurisdiction over sentencing when a sentence is remanded by the appellate courts. *See* United States v. Ruiz-Alvarez, 211 F.3d 1181, 1184 (9th Cir. 2000) ("A district court's authority to resentence defendants must 'flow' from a court of appeals mandate or" some other statutory authority).

The Fifth Circuit, in United States v. Bass, has held:

> When, on appeal, one or more counts of a multicount conviction are reversed and one or more counts are affirmed, the result is an "unbundled" sentencing package. Because the sentences are interdependent, the reversal of convictions underlying some, but not all, of the sentences renders the sentencing package ineffective in carrying out the district court's sentencing intent as to any one of the sentences on the affirmed convictions.

5

104 F.App'x 997, 1000 (5th Cir. 2004). Other circuits have also recognized a district court's jurisdiction to resentence a defendant when the appellate court's decision effectively "unbundles" a bundled sentence package. *See, e.g.*, United States v. Evans, 314 F.3d 329, 332 (8th Cir. 2002) (recognizing that a multicount sentence is usually a package, or "bundle," and that severing part of the total sentence--by, for example, an appellate court vacating or reversing some convictions while affirming others--usually will "unbundle" it, requiring resentencing); Ruiz-Alvarez, 211 F.3d at 1184 (same); United States v. Watkins, 147 F.3d 1294, 1297 (11th Cir. 1998) (same); United States v. Hicks, 146 F.3d 1198, 1202 (10th Cir. 1998) (same); United States v. Smith, 115 F.3d 241, 245 n.4 (4th Cir. 1997) (same); United States v. Davis, 112 F.3d 118, 122 (3d Cir. 1997) (same); United States v. Diaz, 834 F.2d 287, 290 (2d Cir. 1987) (same); United States v. Shue, 825 F.2d 1111, 1114 (7th Cir. 1987) (same). The Seventh Circuit, in Shue, put it well:

> The practical realities of present sentencing practices require [the sentencing package doctrine]. When a defendant is convicted of more than one count of a multicount indictment, the district court is likely to fashion a sentencing package in which sentences on individual counts are interdependent. When, on appeal, one or more counts of a multicount conviction are reversed and one or more counts are affirmed, the result is an "unbundled" sentencing package. Because the sentences are interdependent, the reversal of convictions underlying some, but not all, of the sentences renders the sentencing package ineffective in carrying out the

6

>  district court's sentencing intent as to any one of the
>  sentences on the affirmed convictions.

Shue, 825 F.2d at 1114.

When Brown's convictions were reversed on the conspiracy and wire fraud counts, and affirmed only on the perjury and obstruction counts, it is obvious from the immediate filings made for Brown's release both by Brown and by the Government that *both parties* recognized that an *unbundled* sentencing package now pertained to Brown that required his resentencing if the Fifth Circuit's judgment were not changed on rehearing.  Even more important, the Court of Appeals evidently also acknowledged the need to resentence Brown because it then immediately ordered Brown released on bond.  Had the Fifth Circuit been of the judgment that Brown must serve the full 46-months term of imprisonment notwithstanding its reversal of his convictions on the conspiracy and wire fraud counts, one should expect the court to have denied the motion for Brown's release.  Likewise, when the motions for rehearing and *en banc* hearing were all denied and the mandate issued, if the Fifth Circuit had intended for Brown to serve the full sentence of 46 months on the two counts of conviction that were affirmed, one should expect the court to have vacated its own order of release and remanded Brown to prison.  It did not do so, however, suggesting that the Court of Appeals, like the parties themselves

after the unbundling of Brown's sentence, expected this Court to resentence Brown on the two counts of conviction.

There is precedent for a district court to resentence a defendant under circumstances similar to this even when the Court of Appeals has not specifically ordered a resentencing. In United States v. Ruiz-Alvarez, 211 F.3d 1181 (9th Cir. 2000), some of the defendant's convictions were affirmed but his conviction for continuing criminal enterprise was reversed. When the court of appeals reversed that count of conviction and affirmed all other counts, it did not remand for resentencing on the affirmed counts of conviction. The parties in that case, similar to what both parties in this case agreed in the Fifth Circuit, upon return of the case to the district court stipulated to resentencing. After resentencing, however, the defendant appealed again, arguing that the district court did not have jurisdiction because the court of appeals had not explicitly remanded the case for resentencing. The 9th Circuit rejected the argument, finding that although the panel had not explicitly remanded for resentencing, "resentencing was not inconsistent with the panel's decision." Id. at 1184. The Court of Appeals went on to conclude that the district court properly recalculated the sentence, and explained:

> When a defendant is sentenced on multiple counts and one of them is later vacated on appeal, the sentencing package comes "unbundled," and the district court then has the authority "'to put together a new package reflecting its considered judgment as to the punishment

>   the defendant deserve[d] for the crimes of which he [wa]s
>   still convicted.'"

Id. (citations omitted).

But the instant case is not *exactly* like Ruiz-Alvarez. As the Government aptly points out, Brown not only omitted any order that Brown be resentenced but also closed its opinion by holding that "the conviction *and sentences* of Brown on charges of perjury and obstruction of justice are AFFIRMED." Brown, 459 F.3d at 531 (emphasis added). This same language is repeated in the court's Judgment issued as mandate on October 19, 2006. Hence, this Court is left in something of a quandary: The Court of Appeals ordered the release of Brown on bond "pending further proceedings" but without stating whether the "further proceedings" included Brown's resentencing and/or his retrial on Counts 1-3, or were limited only to appellate proceedings; the Court of Appeals did not vacate its own order requiring Brown's release on bond and did not remand him to prison at the conclusion of the appellate proceedings; the Court of Appeals did not mandate that this Court either resentence Brown on the two counts of conviction that were affirmed or remand Brown to prison to serve the 46 months' bundled sentence originally imposed; and the Court of Appeals issued a Judgment as mandate affirming Brown's sentences on the two convictions that were affirmed. In light of the mandate affirming the sentences, this Court believes it has no authority to resentence Brown. At the

9

same time, however, in light of the Fifth Circuit having ordered Brown's release on bond "pending further proceedings" upon a motion and Government response that anticipated Brown's resentencing, an order that the Fifth Circuit itself did not vacate nor direct this Court to vacate, this Court is not persuaded that it can--or that the Fifth Circuit intended for it to--override the Order of Release and remand Brown to prison to serve out the 46 months' bundled sentence originally imposed. Accordingly, the Government's Motion to Revoke Bond and Set Reporting Date (Document No. 946) is DENIED.[1]

    The Clerk will enter this Order, providing a correct copy to all counsel of record.

    SIGNED in Houston, Texas, on this 7th day of January, 2008.

                                                EWING WERLEIN, JR.
                                        UNITED STATES DISTRICT JUDGE

---

[1] If this is not an appealable Order, the Court's declination to exercise its jurisdiction to remand Brown to prison, which the Government insists is required by the Fifth Circuit's Judgment issued as mandate, should at least provide a basis for the Government to petition the Court of Appeals for a writ of mandamus to require this Court to grant the remand order it seeks. See In re Dresser Industries, Inc., 972 F.2d 540, 543 (5th Cir. 1992) ("Mandamus is appropriate 'when the trial court has exceeded its jurisdiction or has declined to exercise it, . . ." quoting In re Chesson, 897 F.2d 156, 159 (5th Cir. 1990)). Sooner or later, an appellate resolution seems required on whether the Court of Appeals intended Brown to be imprisoned for a full term of 46 months on the two counts of conviction that were affirmed.