IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § | C.R. NO. H-03-363 |
| | § § § | |
| JAMES A. BROWN | § | |

MEMORANDUM & ORDER

Pending is Defendant James Brown's Motion for Immediate Sentencing to Time Served on Counts IV and V (Document No. 1242), which the Court has carefully considered. Previously, the Government moved to revoke Brown's bond and set a reporting date, which the Court denied by Memorandum and Order signed January 7, 2008.

The Memorandum and Order of January 7, 2008, fully sets out the background of Brown's conviction and sentence, his imprisonment, the Court of Appeals' reversal of his convictions on wire fraud and conspiracy and affirmance of his "convictions and sentences . . . on [the] charges of perjury and obstruction of justice," see United States v. Brown, 459 F.3d 509, 531 (5th Cir. 2006), and his release from imprisonment on bond pending further proceedings. That Memorandum and Order describes the foregoing history, the rulings of the Court of Appeals, and the law, which have all converged, as the Court observed, to leave the Court "in something of a quandary" with respect to Brown's undischarged

bundled sentence of 46 months on each of his counts of conviction. Memorandum and Order at 9. The "quandary" was summarized as follows:

> The Court of Appeals ordered the release of Brown on bond "pending further proceedings" but without stating whether the "further proceedings" included Brown's resentencing and/or his retrial on Counts 1-3, or were limited only to appellate proceedings; the Court of Appeals did not vacate its own order requiring Brown's release on bond and did not remand him to prison at the conclusion of the appellate proceedings; the Court of Appeals did not mandate that this Court either resentence Brown on the two counts of conviction that were affirmed or remand Brown to prison to serve the 46 months' bundled sentence originally imposed; and the Court of Appeals issued a Judgment as mandate affirming Brown's sentence on the two convictions that were affirmed. In light of the mandate affirming the sentences, this Court believes it has no authority to resentence Brown.

Nothing has since changed with respect to the foregoing analysis. Accordingly, for the reasons set forth at greater length in the Memorandum and Order of January 7, 2008, which is incorporated by reference, the Court finds that it has no authority to resentence Brown until the Court of Appeals, if such is its judgment, clarifies or modifies its prior Order and Mandate affirming "the conviction **and sentences** of Brown on charges of perjury and obstruction of justice . . . ." Brown, 459 F.3d at 531 (emphasis added). Once the Court has received authority to resentence Brown, which as the Ninth Circuit put it, "must 'flow' from a court of appeals mandate or" some other statutory authority, see United States v. Ruiz-Alvarez, 211 F.3d 1181, 1184 (9th Cir.

2000), it would be able to unbundle the original sentences and proceed to resentence Brown on the two affirmed counts of conviction. Accordingly, it is

ORDERED that Defendant Brown's Motion for Immediate Resentencing to Time Served on Counts IV and V (Document No. 1242) is DENIED.

The Clerk will enter this Order, providing a correct copy to all counsel of record.

SIGNED at Houston, Texas, on this 14TH day of September, 2010.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE